IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                                                              CRIMINAL NO.

EVELYN JACKSON

## **ORDER**

This matter is before the court on motion of the defendant, Evelyn Jackson, for a bill of

particulars (# 32).  Also before the court is a motion of the defendant, Evelyn Jackson, to produce

the name of the confidential informant (# 33).  After considering the motions and the responses

thereto, the court finds as follows:

### **Bill of Particulars**

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment

be a "plain, concise and definite written statement of the essential facts constituting the offense

charged."  The adequacy of an indictment is determined "by whether (1) each count contains the

essential elements of the offense charged, (2) the elements are described with particularity, . . .

(3) the charge is specific enough to protect the defendant against a subsequent prosecution for the

same offense." *United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991) (quoting *United*

*States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1983)).  Further, to comply with Rule 7(c), an

indictment need not provide the evidentiary details of the government's case.  *Lavergne*, 805

F.2d at 521.  An indictment that identifies a range of dates and a generalized area, such as the

Northern District of Mississippi, is sufficiently particular to establish the dates and location of

the conspiracy.  *Ellender*, 947 F.2d at 755-56.

It is well settled that in an indictment for conspiring to commit an offense in which conspiracy is the gist of the crime, it is not necessary to allege with technical precision all of the elements essential to the commission of the crime that is the object of the conspiracy. *United States v. Bragg*, 980 F.2d 1443 (5ᵗʰ Cir. 1991) (citing *Wong Tai v. United States*, 273 U.S. 77, 81 (1927)). Moreover, if the indictment alleges a conspiracy to distribute drugs, it need not allege an overt act in furtherance of a conspiracy so long as it charges the offense in the words of 21 U.S.C. § 846, names the statute violated, and specifies the duration of the conspiracy's operation. *United States v. Kahn*, 728 F.2d 676, 680 (5ᵗʰ Cir. 1984).

The court has discretion to order a bill of particulars, but the defendant does not possess a right to a bill of particulars. *United States v. Burgin*, 621 F.2d 1352, 1358 (5ᵗʰ Cir. 1980). The bill of particulars is not an instrument designed to compel the government to provide a detailed explanation of its legal theories or to produce its evidence. *Burgin*, 621 F.2d at 1358.

In the present case, the defendant is charged in Count Two of the indictment with the crime of knowingly and willingly conspiring to commit the offense of distributing a particular amount of a controlled substance during a finite period of time in this district. Conspiracy to distribute a controlled substance is a crime under 21 U.S.C. § 846, and the distribution of a controlled substance is a crime under 21 U.S.C. § 841(a). Conspiracy to commit a criminal offense is separately chargeable, and in Count Two of the indictment the government specified that the object of the alleged conspiracy between the defendant and her co-conspirators was to distribute controlled substances in violation of 21 U.S.C. § 841(a). The government also identified the penalties for the distribution of certain amounts of the controlled substances. *See* U.S.C. 21 U.S.C. § 841(b)(1)(B).

Count Two identifies with sufficient particularity the elements of the crime of conspiracy to distribute a controlled substance. The indictment alleges that the conspiracy occurred between February 26, 2009 and March 5, 2009 in the Northern District of Mississippi and elsewhere. This time period – approximately one week – is a relatively short period of time compared to typical conspiracy charges before this court. The indictment also identifies five of the defendant's co-conspirators by name and the amount and type of controlled substances they allegedly possessed with the intent to distribute. Finally, the government identified the criminal statutes under which the defendant is charged. Therefore, the court finds that there is sufficient detail to allow defendant to initiate her defense against the crime with which she is charged in Count Two of the indictment.

### Confidential Informant

Next, the defendant moves for an order requiring the government to produce the name of any confidential(s) informant used in the investigation. The government responds, pointing out that neither Rule 7 nor Rule 16 of the Federal Rules of Criminal Procedure requires disclosure of witnesses. Additionally, the Fifth Circuit has held that "Rule 16, which addresses the scope and manner of criminal discovery, makes no provision for the production of names and addresses of witnesses for the government." *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982). Although there is no bright line rule regarding disclosure of the identity of confidential informants in a criminal prosecution, the court must balance a "public interest in protecting the flow of information with an individuals right to prepare his defense." *Roviaro v. United States*, 353 U.S. 53, 62 (1957). Relevant factors the court considers include the level of involvement in the alleged criminal activity; the helpfulness of disclosure to any asserted defense; and the

government's interest in non-disclosure. *United States v. Wilson*, 77 F.3d 105, 111 (5th Cir. 1996).

The defendant argues she needs the information to "test the informant's credibility, ascertain his general relationship to others charged herein, discover the entire scope of his meetings, conversations and contacts with the principals herein, and to investigate the informant's allegations." The court finds this type of information is best obtained through discovery or cross-examination at trial, but the need for such information is not sufficient grounds for disclosure of the identity of a confidential informant. The defendant has not articulated any way disclosure would assist her in a particular defense. Additionally, the government explains that disclosure of the informant's identity could place the informant in danger. Safety of an informant is an important factor to consider and disclosure of a name in such a situation could have a direct effect on an informant's testimony. *See United States v. Orozco*, 982 F.2d 152 (5th Cir. 1993).

The present case is a straightforward one with a conspiracy charged that allegedly lasted no more than one week. Five co-conspirators are named in the indictment, and the amount and type of drugs charged are described in the indictment. Because the court finds the interests of the government protecting the flow of information outweighs the defendant's need for the informant's identity, the court finds the defendant's motion is not well taken.


IT IS, THEREFORE, ORDERED that the defendant's motion for a bill of particulars (# 32) is hereby DENIED.

IT IS FURTHER ORDERED that the defendant's motion to produce the identity of the

confidential informant (# 33) is hereby DENIED.

SO ORDERED, this the 5th day of June 2009.


                                        /s/ David A. Sanders
                                        UNITED STATES MAGISTRATE JUDGE