# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

UNITED STATES OF AMERICA,

VS.                                                          CRIMINAL ACTION NO. 4:09CR066-P-S

EVELYN JACKSON,                                                          DEFENDANT.

## ORDER

This matter comes before the court upon Defendant Evelyn Jackson's Motion to Dismiss

Count Four [69]. After due consideration of the motion and the responses filed thereto, the court

finds as follows, to-wit:

Count 4 of the Indictment charges Defendant Jackson with misprision of a felony. More

specifically, Count 4 alleges:

> From on or about February 26, 2009 until on or about March 5, 2009, in the Northern
> District of Mississippi and elsewhere, EVELYN JACKSON, the defendant, having
> knowledge of the actual commission of a felony cognizable by a court of the United
> States, to wit: conspiracy to possess with intent to distribute in excess of five (4)
> hundred grams of cocaine hydrochloride (powdered cocaine), a Schedule II narcotic
> controlled substance, did knowingly and unlawfully conceal and did not as soon as
> possible make known the same to a judge or other person in civil or military
> authority under the United States, which would include the Drug Enforcement
> Administration, Department of Justice, and the Federal Grand Jury, in violation of
> Title 18, United States Code, Section 4.

To support a conviction for misprision of a felony, the following elements must be

established: "(1) the defendant had knowledge that a felony was committed; (2) the defendant failed

to notify authorities of the felony; and (3) the defendant took an affirmative step to conceal the

felony." *U.S. v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992). Mere failure to notify authorities,

without an act of concealment, does not constitute misprision. *U.S. v. Warters*, 885 F.2d 1266, 1275

(5th Cir. 1989).

Citing *U.S. v. Adams, supra* and *U.S. v. Weekley*, 389 F.Supp.2d 1293 (S.D. Ala. 2005), Defendant Jackson argues in the instant motion that Count 4 is defective and should be dismissed for failure to allege a specific factual basis that she took an affirmative step to conceal the felony.

The Government counters that it is not required to specify in the indictment the evident it intends to present to a jury, *U.S. v. Kay*, 359 F.3d 738, 759 (5th Cir. 2004), and that a motion to dismiss an indictment should be denied if the indictment is sufficient on its face, *U.S. v. Mann*, 517 F.2d 259, 269 (5th Cir. 1975). The Government argues that the indictment mentions the element of concealment and that the specific factual basis for that element of misprision will be proven at trial.

Having considered the parties' arguments and the case law cited therein, the court concludes that the defendant's motion to dismiss should be denied. Unlike the situation at hand, where the defendant has not yet been tried and convicted on the misprision count, nor has she pled guilty to misprision, the situation in *Adams* involved the sufficiency of the factual basis for the concealment element after the defendant pled guilty to misprision. Also different from the instant circumstances, the circumstances in *Weekley* involved the relationship between a misprision charge and the Fifth Amendment right against self-incrimination.

Alternatively, Defendant Jackson moves the court for a Bill of Particulars regarding Count 4. On June 5, 2009, the court denied the defendant's motion for a Bill of Particulars regarding Count 2.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." The adequacy of an indictment is determined "by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, . . .(3)

the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991) (quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1983)). Further, to comply with Rule 7(c), an indictment need not provide the evidentiary details of the government's case. *Lavergne*, 805 F.2d at 521.

The court has discretion to order a bill of particulars, but the defendant does not possess a right to a bill of particulars. *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). The bill of particulars is not an instrument designed to compel the government to provide a detailed explanation of its legal theories or to produce its evidence. *Burgin*, 621 F.2d at 1358. Denial of a motion for a bill of particulars "will be reversed only if the denial of the bill was a clear abuse of discretion ... [and] [s]uch abuse will be found only if it appears that the accused was actual surprised at trial and that his rights were substantially prejudiced by the denial." *U.S. v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989) (internal citations omitted). If the Government "provides the requested information called for in some other satisfactory form, then no bill of particulars is required." *Id*.

Since Defendant Jackson has not alleged that discovery has been concluded, nor does it appear from the record that it has concluded, her motion for a bill of particulars regarding the concealment element for misprision is premature.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Evelyn Jackson's motion to dismiss Count 4 [69] is **DENIED**; and

(2) Her alternative motion for a bill of particulars is **DENIED**.

**SO ORDERED** this the 16th day of June, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE