IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                          CRIMINAL NO. 4:09CR66-WAP-DAS

EVELYN JACKSON

**ORDER**

This matter is before the court on motion of the defendant, Evelyn Jackson, for discovery relief and a renewed motion for a bill of particulars (# 99). After considering the motion and the response thereto, the court finds as follows:

**1. Discovery Relief**

With the first part of her motion, the defendants explains that the government has produced to her a CD-Rom containing recorded telephone conversations allegedly relevant to the present action. According to the defendant, however, she is unable to determine whether the conversations include her or not. Consequently, the defendant moves for "an order of this Court requiring the government to list by date, time, and identification number which conversations allegedly relate to or contain the voice of this Defendant." While the defendant cites Rule 16 of the Federal Rules of Criminal Procedure as support for her motion, nothing in the rule provides that she is entitled to the detailed information she seeks. In the government's response, it explains that a wiretap was utilized in the investigation, and the government has now produced the relevant conversations recorded. This is consistent with Rule 16, and thus, the motion for "discovery relief" is not well taken.

## 2. Renewed Motion for Bill of Particulars

With the second portion of her motion, the defendant renews her motion for a bill of particulars. On May 19, 2009, the defendant filed a motion for a bill of particulars, and on June 5, this court denied that motion. While the defendant describes the present motion as a renewed motion, the first motion related solely to count two of the indictment, the conspiracy to distribute cocaine. With the present motion, the defendant now contends she is unable to discern precisely the charge against her described in count four, misprision. In its response, the government makes essentially the same argument it made in response to the previous motion, and the court finds the motion should be denied for essentially the same reason it denied the previous motion.

The court has discretion to order a bill of particulars, but the defendant does not possess a right to a bill of particulars. *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). The bill of particulars is *not an instrument designed to compel the government to provide a detailed explanation of its legal theories or to produce its evidence.* *Burgin*, 621 F.2d at 1358 (emphasis added).

In the present case, the defendant is charged in count four of the indictment with misprision, that is, having knowledge of the actual commission of a felony – in the present case possession with the intent to distribute cocaine – and concealing that crime. As with the conspiracy charge, the misprision charge is alleged to have taken place "[f]rom on or about February 26, 2009 until on or about March 5, 2009." As stated in the previous order, this is a relatively short period of time, one far more exact than many charges brought before this court. Moreover, based on previous filings and the portion of the present motion discussed *supra*, the defendant is aware that at least a portion of the events at issue allegedly occurred on a trip from

Mississippi to California with several of her co-defendants. The court finds this amount of detail is plainly sufficient to meet the standards dictated by Rule 7. *See* Fed. R. Crim. P. 7 (Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged.")

Finally, count four identifies with sufficient particularity the elements of the crime of misprision, and the government identified the criminal statute under which the defendant is charged. Accordingly, the court finds that there is sufficient detail to allow defendant to initiate her defense against the crime with which she is charged in count four of the indictment.

IT IS, THEREFORE, ORDERED that the defendant's motion for discovery relief and a renewed motion for a bill of particulars (# 99) is hereby DENIED.

SO ORDERED, this the 16th day of September 2009.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE